IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVID B. BOWEN,<br><br>    Plaintiff,<br><br>v.<br><br>DEANNA WILLIAMS,<br>WILLIAMS WILLIAMS, *and all other occupants*,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br><br>1:18-cv-2486-WSD-JKL |

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Deanna Williams's application for leave to proceed *in forma pauperis* ("IFP") on her notice of removal of a state dispossessory action to this Court. [Doc. 1.] After considering Williams's application, I **GRANT** the request to proceed IFP pursuant to 28 U.S.C. § 1915(a) for the limited purpose of remand. Because this Court does not have subject matter jurisdiction over the removal action, I further **RECOMMEND** that this case be **REMANDED** to the Magistrate Court of Newton County.

In the underlying dispossessory action, filed on May 7, 2018, Plaintiff David B. Bowen alleged that Defendants failed to pay past due rent, and demanded possession of the premises, along with approximately $6000 in past due rent and fees. [Doc. 1-1 at 3-4]  In her notice of removal, Williams does not allege a basis for jurisdiction, stating only that she "ha[s] at this time filed [an] appeal"; however, she does identify federal question jurisdiction on her civil cover sheet and asserts further that she has a claim for wrongful eviction. [*See* Doc. 1-1 at 1; Doc. 1-2 at 1.]

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States." 28 U.S.C. § 1441(a).  Here, however, the underlying case is a state dispossessory action containing no federal claim. [Doc. 1-1 at 3-4.]  Thus, removal based on federal question jurisdiction under 28 U.S.C. § 1331 is improper. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."); *see also U.S. Bank Nat'l Ass'n v. Sanders*, No. 1:13-cv–357-WSD, 2015 WL 1568803, *3 (N.D. Ga. Apr. 7, 2015).  Even if Williams

wishes to raise counterclaims based on federal statutes, this Court may look only to the complaint itself to determine whether there is federal question jurisdiction over the action. *See Anderson*, 529 U.S. at 6.

Additionally, it is also clear to the Court that there is no diversity jurisdiction under 28 U.S.C. § 1332(a). Bowen's dispossessory claim against Williams cannot be reduced to a monetary sum for purposes of satisfying the amount-in-controversy requirement in § 1332(a). *See* 28 U.S.C. § 1332(a); *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010) (holding that only the plaintiff's claim may satisfy the amount-in-controversy requirement, and an action seeking ejectment cannot be reduced to a monetary sum for purposes of determining the amount in controversy). Thus, the amount-in-controversy requirement in § 1332(a) is not met by Bowen's demand for possession of the property and small amount of past due rents and fees. *See* 28 U.S.C. § 1332(a).

In sum, the Court **GRANTS** Williams's application for leave to proceed IFP for the limited purpose of remand. [Doc. 1.] Because it is clear that this Court lacks subject matter jurisdiction over the removal action, it is further **RECOMMENDED** that the case be **REMANDED** to the Magistrate Court of Newton County.

IT IS SO ORDERED AND RECOMMENDED this 25th day of May, 2018.

_____
JOHN K. LARKINS III
United States Magistrate Judge