# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DAVID B. BOWEN,

        Plaintiff,

v.

DEANNA WILLIAMS, WILLIAM WILLIAMS, *and all other occupants*,

        Defendants.

1:18-cv-2486-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge John K. Larkins, III's Final Report and Recommendation ("Final R&R") [3], which recommends remanding this action to the Magistrate Court of Newton County.

## I. BACKGROUND

Sometime in early May 2018, Plaintiff David B. Bowen ("Plaintiff") initiated a dispossessory proceeding against his tenants, Deanna Williams and William Williams ("Defendants"), in the Magistrate Court of Newton County, Georgia (the "Newton County Action").[1] On May 24, 2018, Defendant Deanna Williams, proceeding *pro se*, removed the Newton County action to this Court, and

---

[1] The property at issue is located at 190 Fox Meadow Drive, Covington, Georgia 30016. ([2] at 3). The Magistrate Court of Newton County assigned the matter Case No. 182551DS. (Id.).

on May 25, 2018, she filed the Notice of Removal.  (See [1], [2]).  Although Ms. Williams does not allege a basis for jurisdiction in the Notice of Removal, stating only that she "ha[s] at this time filed [an] appeal," she does identify federal question jurisdiction on her civil cover sheet.  ([1.1] at 1; [1.2] at 1).

On May 25, 2018, the Magistrate Judge issued the Final R&R, recommending the Court remand the action to the Magistrate Court of Newton County, Georgia.  The parties did not file objections to the Final R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).  Where, as here, the

parties have not filed objections to the Final R&R, the Court reviews for plain error.

B.     Analysis

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "Federal courts exercise limited jurisdiction and generally can hear only actions that either meet the requirements for diversity jurisdiction or that involve a federal question." Kivisto v. Kulmala, 497 F. App'x 905, 906 (11th Cir. 2012). Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." Jairath v. Dyer, 154 F.3d 1280, 1282 (11th Cir.

1998).  "The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."  City of Vestavia Hills v. Gen. Fidelity Ins. Co., 676 F.3d 1310, 1313 n.1 (11th Cir. 2012).

The Magistrate Judge first found federal question jurisdiction lacking because "the underlying case is a state dispossessory action containing no federal claim."  ([3] at 2).  The Magistrate Judge noted that "[e]ven if Williams wishes to raise counterclaims based on federal statutes, this Court may look only to the complaint itself to determine whether there is federal question jurisdiction over the action."  (Id. at 2-3).  The Magistrate Judge next found diversity jurisdiction lacking because "[Plaintiff's] dispossessory claim against Williams cannot be reduced to a monetary sum for purposes of satisfying the amount-in-controversy requirement in § 1332(a)."  (Id. at 3); see also 28 U.S.C. § 1332(a); Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010) (holding that only the plaintiff's claim may satisfy the amount-in-controversy requirement, and an action seeking ejectment cannot be reduced to a monetary sum for purposes of determining the amount in controversy).

The Court finds no plain error in the Magistrate Judge's findings or recommendation. Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to state court.  See 28 U.S.C.

§ 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge John K. Larkins, III's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Newton County, Georgia.

**SO ORDERED** this 19th day of June, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE